UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. CURTIS,

    Petitioner,

vs.                            Case No. 2:10-cv-203-FtM-29SPC
                                 Case No. 2:04-cr-4-FTM-29SPC

UNITED STATES OF AMERICA,

    Respondent.
_____

## **OPINION AND ORDER**

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (Cv. Doc. #1)[1] and supporting Memorandum (Cv. Doc. #2). The Government filed a Response in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence, Pursuant to 28 U.S.C. Section 2255 (Cv. Doc. #8) seeking to dismiss the § 2255 motion as untimely. Petitioner filed a Traverse of Petitioner (Cv. Doc. #9). For the reasons set forth below, Petitioner's motion pursuant to Section 2255 is untimely and accordingly will be dismissed. Further, even if Petitioner had timely filed his motion, his arguments do not merit the relief sought.

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

**I.**

On January 21, 2004, a grand jury sitting in the Middle District of Florida returned a one-count indictment charging Robert R. Curtis (Petitioner or Curtis) with possession with intent to distribute five (5) grams or more of cocaine base, in violation of 21 U.S.C. Section 841(a)(1) and Section 841(b)(1)(B)(iii). (Cr. Doc. #1.) Petitioner thereafter waived indictment and consented to the filing of a one-count Superseding Information charging distribution of an unspecified quantity of cocaine base, in violation of 21 U.S.C. Section 841(a)(1) and Section 841(b)(1)(c). (Cr. Docs. #17, 23, 24.) Petitioner then pled guilty to the Superseding Information without a plea agreement. (Cr. Docs. #24-26.)

At sentencing, Petitioner was determined to be a career offender based upon three prior State of Florida convictions for sale of cocaine. Petitioner did not dispute the fact of the convictions, but argued that for various legal reasons he could not be sentenced as a career offender. The district court rejected these arguments, and sentenced Petitioner to 169 months imprisonment, which was in the middle of the resulting Sentencing Guidelines range. (Cr. Doc. #33.)

On direct appeal Petitioner challenged the lawfulness of his sentence as a career offender. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v.

Curtis, 135 F. App'x 232 (11th Cir. 2005). On October 11, 2005, the Supreme Court denied *certiorari* review. Curtis v. United States, 126 S. Ct. 461 (2005).

On April 1, 2010, Petitioner filed his § 2255 motion (Cv. Doc. #1; Cr. Doc. #60) raising two issues: (1) the district court lacked jurisdiction to sentence him as a career offender because he did not have the sufficient number of qualifying prior convictions (Civ. Doc. #2, p. 4); and (2) he is actually innocent of being a career offender based on the Supreme Court's ruling in Johnson v. United States, 130 S. Ct. 1265 (2010). Giving Petitioner the benefit of the "mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the § 2255 motion to have been filed on March 30, 2010, the date Petitioner signed the motion while incarcerated.

## II.

A § 2255 motion is ordinarily subject to the one year limitations period in 28 U.S.C. § 2255(f). Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010). A petitioner has one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making

a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4); see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

The statute of limitations for Petitioner began to run when his conviction became final. 28 U.S.C. § 2255(f)(1). If a petition for *certiorari* is filed with the United States Supreme Court, a conviction becomes final when the Supreme Court denies *certiorari* or rules on the merits. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1987). Petitioner's conviction became final on October 11, 2005, the day the Supreme Court denied *certiorari*. Therefore, Petitioner had until October 11, 2006, to file a motion under § 2255. Petitioner did not file his § 2255 motion until March 30, 2010, approximately three and one half years after the expiration of the statute of limitations.

Because Petitioner is proceeding *pro se*, the Court reads his pleadings liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Petitioner presents two arguments related to both the timeliness of the §2255 motion and its merits. Petitioner argues that the lack of a sufficient number of

qualifying prior convictions divested the district court of "jurisdiction" to sentence him as a career offender, and jurisdiction can never be waived. Additionaly, Petitioner argues that the Supreme Court recognized a new right on March 2, 2010, when it decided Johnson, which makes him actually innocent of being a career offender, which makes his § 2255 motion timely or excuses the timeliness default. (Cv. Doc. #1, p. 4.) For the reasons discussed below, neither argument is meritorious.

**A. Subject Matter Jurisdiction**

Petitioner argues that the three prior Florida convictions which formed the predicate for his career offender status are not qualifying felony convictions under the career offender provisions. Therefore, Petitioner argues, the district court lacked jurisdiction to sentence him with the career offender enhancement, and jurisdiction cannot be waived or defaulted. Because Petitioner is incorrect in asserting that his prior convictions were not qualifying predicate offenses, his jurisdiction[2] argument fails.

While Petitioner emphasizes 28 U.S.C. § 994(h), that provision simply directed the Sentencing Commission to assure that the

---

[2]There is no question but that a district court lacks the authority to sentence a defendant as a career offender if defendant does not have a sufficient number of qualifying prior convictions. This is not the same thing as saying a court is without "jurisdiction", which refers to "the courts' statutory or constitutional power to adjudicate the case." United States v. Cotton, 535 U.S. 625, 630 (2002)(quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)).

Sentencing Guidelines specify a sentence at or near the maximum term for defendants who are eighteen years old, are convicted of a felony crime of violence or certain federal drug offenses, and have previously been convicted of two or more felonies which are a crime of violence or an offense described in certain federal drug statutes.  Pursuant to this Congressional directive, the Sentencing Commission enacted § 4B1.1 of the Sentencing Guidelines.  <u>United States v. LaBonte</u>, 520 U.S. 751, 753 (1997).  At the time of Petitioner's sentencing this provision provided that a defendant was a "career offender" if (1) he was "at least eighteen years old at the time [he] committed the instant offense of conviction," (2) "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense," and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S. Sentencing Guideline Manual (U.S.S.G.) § 4B1.1(a) (2003).  A "controlled substance offense" was "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2(b) (2003).

While Petitioner had other felony convictions, his career

offender status was premised on three Florida convictions for sale of cocaine. The Presentence Report establishes that in 1990 petitioner pled no contest to the sale of cocaine (and possession of cocaine) and adjudication was withheld; in 1993 Petitioner pled no contest to three counts of the sale of cocaine and was adjudicated guilty; and in 1998 Petitioner pled no contest to the sale of cocaine (and possession of cocaine) and was adjudicated guilty.

A federal court is "bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements of" a criminal offense. <u>Johnson</u>, 130 S. Ct. at 1269. <u>See also</u> <u>United States v. Shannon</u>, 631 F.3d 1187, 1189 (11th Cir. 2011). Under Florida law, sale of cocaine is and was a felony offense punishable by a term of imprisonment of five years. Fla. Stat. § 893.13(1)(a)1. (2003)(second degree felony for any person "to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance"); Fla. Stat. § 893.03(2)(a)(4) (classifying cocaine as a Schedule II controlled substance). Sale of controlled substance involves delivery of the substance in exchange for consideration. <u>State v. Stewart</u>, 374 So. 2d 1381, 1383 (Fla. 1979).

Having determined the elements of a criminal offense using state law, the issue of whether a state conviction is a qualifying controlled substance offense is determined under federal law

unencumbered by state law. See Johnson, 130 S. Ct. at 1269, holding that the meaning of a term in the federal Armed Career Offender statute "is a question of federal law, not state law. And in answering that question we are not bound by a state court's interpretation of a similar--or even identical--state statute." Id. Petitioner has never disputed that he was convicted of sale of cocaine as set forth in the Presentence Report. Each sale of cocaine was "an offense under . . . state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution[3] . . . of a controlled substance . . . ." U.S.S.G. § 4B1.2(b) (2003). Each sale of cocaine was therefore a qualifying predicate offense, and the district court had the authority to sentence Petitioner as a career offender. Therefore, Petitioner's argument fails both as a basis under which to find the § 2255 motion timely and on the merits of his career offender status.

**B. Relief Under 2255(f)(3) and Actual Innocence**

Petitioner's second argument is that the Supreme Court's decision in Johnson renders him actually innocent of the sentencing enhancement. Because of this, Petitioner argues that his § 2255 motion is timely under § 2255(f)(3) or its untimeliness is excused on the basis of his actual innocence.

---

[3]"Distribution" of a controlled substance simply means to deliver a controlled substance. 21 U.S.C. § 802(11).

Section 2255(f)(3) provides that the one-year limitation period can run, or be re-started, from a "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). To come within this statute, Petitioner must show that the right he asserts is (1) a new right recognized by the Supreme Court, which (2) is retroactively applicable to his case. For purposes of § 2255(f)(3), the one-year limitations period begins running on the date the Supreme Court decided the case which initially recognized the right being asserted, not the date on which the Supreme Court decided retroactivity. Dodd v. United States, 545 U.S. 353, 357, 360 (2005).

In Johnson, the Supreme Court considered whether the Florida felony battery offense under Fla. Stat. § 784.03(1)(a), (2) (2003) was a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The Supreme Court determined that in order for a crime to be a violent felony, it must involve "violent force," further defined by the Court as "force capable of causing physical pain or injury to another." Johnson, 559 U.S. at __, 130 S.Ct. at 1271. Petitioner argues that Johnson announced a new substantive rule of criminal law made retroactively applicable

to cases on collateral review.[4]

Even if the Court assumes that Johnson announced a new substantive rule of criminal law and that it is retroactively applicable to cases on collateral review, Petitioner's § 2255 motion remains untimely. Johnson addressed what constitutes a "violent felony," which is the equivalent of a crime of violence under the career offender provision. United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008). Petitioner's career offender status was not dependent on a prior conviction which was considered a crime of violence. Rather, petitioner had three prior controlled substance offenses, i.e., three prior convictions for sale of cocaine. Therefore, even if Johnson announced a new retroactive right, it has no possible application to Petitioner's case. Petitioner's § 2255 motion is not timely under § 2255(f)(3).

Petitioner also asserts that his untimeliness should be excused because he is actually innocent of being a career offender. A court may excuse a petitioner's procedural default such as untimeliness if Petitioner establishes (1) cause and prejudice or (2) a miscarriage of justice or actual innocence. McKay v. United States, No. 09-15099, ___ F. 3d. ___, 2011 WL 4389641, at *4 (11th Cir. Sept. 22, 2011). Neither the United States Supreme Court nor the Eleventh Circuit has ever held that the Constitution requires

---

[4]The Supreme Court decided Johnson on March 2, 2010; Petitioner filed his § 2255 motion on March 30, 2010.

-10-

an actual innocence exception to the one-year limitations period of § 2255(f) in the context of non-capital sentencing. McKay, 2011 WL 4389641 at *5 (11th Cir. 2011); Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008). Assuming the actual innocence exception does apply in a non-capital sentencing context such as this, McKay held that it would not apply where a petitioner's claim is one of legal, rather than factual, innocence. Id. at *6.

> McKay makes the purely *legal* argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of *factual* innocence of the predicate offense. No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well. Thus, even if the actual innocence exception were to extend to the noncapital sentencing context (a question we need not decide), this exception would not apply to McKay's claim of legal innocence and thus could not excuse his procedural default.

McKay, 2011 WL 4389641 at *7 (emphasis in original). Petitioner does not argue that he is factually innocent of the sales of cocaine, but argues instead that he is legally innocent based on the Johnson decision.

Even if actual innocence is an available argument to Petitioner, it has not been established. As noted above, nothing in Johnson discusses the controlled substance offense predicate of a career offender. The principle that a federal court must honor

-11-

and apply the state court's interpretation of its own state law is not a principle first announced in Johnson. Johnson v. Fankell, 520 U.S. 911, 916 (1997)("Neither this Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the state", citing cases dating from 1967). Therefore, Petitioner's actual innocent argument if available, is without merit.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correction Sentence By a person in Federal Custody (Doc. #1) is **DISMISSED AS UNTIMELY, or in the alternative is DENIED AS WITHOUT MERIT.**

2. The Clerk shall enter judgment accordingly and close the civil case. The Clerk is further directed to file a copy of the civil judgment in the criminal case file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial

showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004)(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). The requisite grounds do not exist in this case.

**DONE AND ORDERED** at Fort Myers, Florida, this   2nd   day of November, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Parties of Record